IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

    Petitioner,                 No. CIV S-06-0044 GEB GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner, who was apparently convicted on May 8, 1992 in Orange County Superior Court, and sentenced to 19 years to life for second degree murder, attempted murder and firearm use, has filed a disorganized application of nearly 300 pages (284 to be exact) in length. At the outset, he does not set forth on the petition form precisely what he is challenging, nor does he identify the grounds for any challenge, referring instead repeatedly to an attached brief.

1   In the attached brief consisting largely of randomly organized exhibits, petitioner avers generally, among other things, that he is eligible for parole and seeks parole, and that the Board of Prison Terms has failed to follow its own rules and state statutes regarding his parole eligibility. Memorandum of Points and Authorities, p. 2. Petitioner then leaps backward in time to allege that upon arrest he was denied a "statutory right" to make three phone calls within three hours of his arrest. Id., at 3-a. He claims that his rights pursuant to the Vienna Convention of Consular Relations were violated when he was not informed of his right, as a Mexican national, upon arrest, to contact the Mexican consulate. Id., at 5. He makes allegations of a false police report and perjured testimony, and goes on for many pages to point up alleged constitutional deficiencies of his arrest, trial and underlying conviction.

At points, petitioner does reference what is apparently a challenge to a decision of the parole board, although he does not do so clearly and, as noted, failed to do so altogether within the body of his petition form. Petitioner fails to adequately identify the Board decision that he challenges, including the date of the decision or, as noted, the grounds therefore. Petitioner does not make clear at the beginning that the California Supreme Court denial on October 12, 2005 that he notes on the petition form exhausted the issues which he seeks to raise by this petition.[1]

The court will not attempt to cull through an excessively lengthy document or a voluminous, disparate and disorganized memorandum to attempt to discern the basis for the instant petition. Instead, the court will dismiss the petition, with leave granted for petitioner to file an amended petition, which must include a completed and coherent petition form, which new

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

form the court will direct the Court Clerk to provide to petitioner.

Accordingly, IT IS ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The petition is dismissed with leave granted for petitioner to file an amended petition, as set forth above, within thirty days of the filed date of this order; failure to do so will result in a recommendation of dismissal of this action; and

3. The Clerk of the Court is directed to provide petitioner with the form for filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this district.

DATED:   3/10/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cald0044.ord