1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCELINO CALDERON-SILVA,

11            Petitioner,                    No. CIV S-06-0044 GEB GGH P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14            Respondents.          FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17            Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an

18   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order, filed on March

19   10, 2006, petitioner's original petition was dismissed with leave granted to file an amended

20   petition, which was filed on April 17, 2006.  Petitioner was sentenced to 15 years to life for one

21   count of second degree murder, with an additional four year consecutive sentence enhancement

22   for the use of a firearm, for a total term of 19 years to life. Amended Petition (AP), p. 1;[1] Motion

23   to Dismiss (MTD), p. 3, Exhibit (Exh.) A, Abstract of Judgment.  Petitioner challenges an April

24   29, 2003, decision by the Board of Prison Terms, now Board of Parole Hearings, denying him

25   _____

26            [1] Only the pagination in the court's electronic docket is referenced.

                                          1

1    parole.  AP, p. 10.  Respondent has brought a motion to dismiss, filed on July 26, 2006, for

2    failure to exhaust state court remedies, to which petitioner has filed an opposition.

3    Exhaustion Standard

4              The exhaustion of state court remedies is a prerequisite to the granting of a

5    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

6    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

7    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

8    providing the highest state court with a full and fair opportunity to consider all claims before

9    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 92 S. Ct. 509, 512

10   (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

11   Motion to Dismiss

12             Respondent contends that petitioner has failed to exhaust his state court remedies

13   because, although he has received a denial by the state supreme court on his habeas petition

14   regarding his 2003 parole denial, the petition was defective because he failed to file an amended

15   petition pursuant to a superior court denial of his petition informing petitioner that because

16   petitioner had failed to supply the court with a transcript of the April 2003 hearing and a copy of

17   the written decision, the court had no basis on which to evaluate the Board's exercise of

18   discretion.  Motion to Dismiss, p. 5, Exh. B & Exh. D, p.2.

19             Petitioner filed his petition for writ of habeas corpus in the Orange County

20   Superior Court, raising claims challenging his underlying conviction as well as one claim

21   challenging the April 2003 parole denial.  MTD, p. 3, Exh. B.[3]  In denying the petition as to the

22   parole denial challenge, the court stated, as follows:

23

24   [2] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

25   [3] Respondent concedes that while a complete copy of the superior court petition has not
     been filed, respondent has requested the entire copy and will make it available to the court should
26   it be required.

1    In regards to petitioner's final claim of error, petitioner has not
     supplied the court with a transcript of the April 29, 2003, parole
2    suitability hearing and a copy of the written decision rendered by
     the Board of Prison Terms on the same date.  Absent an adequate
3    record, there is no basis upon which this court can evaluate the
     Board of Prison Terms' exercise of discretion.
4
     In order to establish a prima facie case for relief, a petition for writ
5    of habeas corpus should both 1) state fully and with particularity
     the facts on which relief is sought and 2) include copies of
6    reasonably available documentary evidence supporting the claim,
     including pertinent portions of transcripts, and affidavits or
7    declarations.  "Conclusory allegations made without any
     explanation of the basis for the allegations do not warrant relief."
8    (People v. Duvall (1995) 9 Cal.4th 464, 474.)

9    Resp. Exh. A, p. 9.

10           Instead of filing an amended petition in the superior court, as respondent avers

11   petitioner should have done, petitioner filed a petition in the Fourth District Court of Appeal,

12   raising the same claims as in the court below.  MTD, p. 4, Exh. C.  Among his attached exhibits

13   A - Z to the state appellate court, petitioner did not include a transcript of the Board hearing or

14   any other documents in support of his challenge to the 2003 parole denial.  Id.   The petition

15   received a postcard denial with no citations, which is, as respondent contends, a summary denial,

16   on July 15, 2004.  MTD, p. 4, Exh. C-1, p. 2.

17           Thereafter, petitioner filed the same petition to the California Supreme Court that

18   he had submitted to the state court of appeal, resulting in a postcard denial with no case citations

19   on October 12, 2005, or, again as respondent characterizes it, a summary denial.  MTD, Exh. D,

20   p. 2.  This case now proceeds on petitioner's filing of April 17, 2006, which excludes the claims

21   challenging his underlying conviction in the state courts but, as respondent asserts, was otherwise

22   identical to his state court petitions.  MTD, p. 4.

23   Opposition

24           Petitioner does not dispute that he failed to file an amended petition in the

25   superior court; rather, he states that he never saw the portion of the order setting forth the reasons

26   for the denial.  Opposition (Opp.), p. 2.  Petitioner includes a copy of the minute order which he

1    states, under penalty of perjury, was all the documentation he received from the superior court.

2    Opp., Exh. B.  The copy of the minute order, indeed, sets forth that the clerk mailed petitioner a

3    copy of that minute order on April 15, 2004, wherein it is stated that the "order denying habeas

4    corpus" had been "signed and filed," but there is no representation that petitioner was sent the

5    actual three-page order denying the petition.  Id.   Nor does respondent present any evidence or

6    make any argument in reply to the contrary.

7              Petitioner argues that he was denied the opportunity to present his federal claims

8    to the state court because he was not privy to the substantive portion of the order, and that he first

9    learned of what was contained in that superior court order upon the filing of respondent's motion

10   to dismiss.  Opp., p. 3.  He notes that the minute order he received does state that the petition was

11   denied "for the reasons stated in the order denying writ filed 04/15/2004."  Opp., p. 3 & Exh. B.

12   Apparently, this did not raise alarm bells for him when no such order was attached to the minute

13   order.

14             Petitioner goes on to aver that had he received the order it would have been "very

15   easy" for him to file an amended petition with the requisite documentary evidence.  Opp., p. 3.

16   As to respondent's reference to petitioner's having failed to file the 2003 hearing transcript or

17   written decision with the instant petition (MTD, p. 4), petitioner observes that it was respondent,

18   who was directed, by this court, upon the filing of any answer, to provide the relevant transcripts

19   and other documents for the issues presented herein.  Opp., p. See, Order, filed on May 8, 2006.

20   Discussion

21             Petitioner appears to have made a sincere effort to exhaust his state court remedies

22   fully before filing the instant petition.  Unfortunately, through what appears to be very little fault

23   on his own part, he has simply failed to do so.

24             Respondent is correct that subsequent unexplained denials by higher state courts

25   are deemed to rest on the same grounds as the last reasoned court opinion.  Opp., p. 5, citing Ylst

26   v. Nunnemaker, 501 U.S. 797, 804-05, 11 S. Ct. 2590, 2595 (1991).  As both the state appellate

1  and the state supreme courts issued postcard denials with no case citations, the record is devoid

2  of any reasoning beyond that of the superior court which found that it had not been provided with

3  a record sufficient to evaluate petitioner's challenge to the Board's 2003 parole denial, in effect a

4  claim finding petitioner's challenge to be procedurally defective.

5          Petitioner convincingly contends that had he been aware of the court's advice of

6  how to make a prima facie case as to his claim, he would certainly have done so.  While such an

7  argument might be helpful to petitioner should he seek equitable tolling upon a return to federal

8  court with an exhausted petition, his good intentions do not demonstrate exhaustion of his claims

9  because even though he has proceeded up through the state supreme court, he has done so, as

10  noted, with a defective petition, albeit inadvertently.

11          To satisfy the exhaustion requirement, a federal claim must be presented to the

12  appropriate state courts "*in the manner required by the state courts*, thereby 'afford[ing] the state

13  courts a meaningful opportunity to consider allegations of legal error[].'" Casey v. Moore, 386

14  F.3d 896, 915-16 (9th Cir.  2004)[emphasis added], quoting Vasquez v. Hillery, 474 U.S. 254,

15  257, 106 S. Ct. 617 (1986).  Where a state court advises a petitioner what must be done before a

16  petition will be reviewed on its merits, such advice must be followed unless the state courts are

17  arbitrarily finding procedural deficiencies.  Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 1986).

18  Here, the state courts have never been afforded a full and fair opportunity to reach the merits of

19  his claims.  Picard v. Connor, supra, 404 U.S. at 276, 92 S. Ct. at 512; Middleton v. Cupp, supra,

20  at 1086.   The amended petition must be dismissed for petitioner's failure to exhaust state court

21  remedies.

22          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

23  dismiss for failure to exhaust state court remedies, filed on July 26, 2006, be granted and this

24  case be closed.

25  \\\\\

26  \\\\\

1       These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: 2/13/07

                                                /s/ Gregory G. Hollows

10
                                                GREGORY G. HOLLOWS
11                                              UNITED STATES MAGISTRATE JUDGE

12

13  GGH:009
    silv0044.mtd
14

15

16

17

18

19

20

21

22

23

24

25

26